CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

5/30/2024

LAURA A. AUSTIN, CLERK
BY  s/ S. MELVIN
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| MARSHA GAYE LAMBERT, | ) | |
| Plaintiff, | ) | Civil Action No. 3:24-cv-00021 |
| | ) | |
| v. | ) | |
| | ) | |
| RELX PLC, et al., | ) | By:  Robert S. Ballou |
| Defendants. | ) | United States District Judge |

## <u>MEMORANDUM OPINION</u>

Pro se plaintiff, Marsha Gaye Lambert, applied to proceed in forma pauperis in this court

and filed an action against defendants RELX, PLC, the State of Virginia, the State of Illinois, the

State of California, and the State of Mississippi, asserting a variety of allegations, primarily

involving privacy violations, reporting of inaccurate information, and previous court proceedings

in other jurisdictions. Having granted Lambert in forma pauperis status, I find her claims are

legally frivolous and, therefore, I dismiss this action sua sponte for failure to state a claim on

which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

### I.    Background

Lambert filed this action on April 8, 2024, and simultaneously filed a motion for leave to

---

[1] As this case is dismissed, Lambert's Letter /Request (Dkt. 5) is likewise denied. Lambert has also filed a document purporting to move for summary judgment, as well as what appears to be an objection to an order from the United States District Court for the Northern District of Mississippi, a letter to the Internal Revenue Service, and a Fee Schedule. Dkt. 7. These documents do not change my analysis that Lambert fails to state a claim on which relief can be granted. Of course, this matter is not ripe for summary judgment in any event, which is appropriate only after "adequate time for discovery." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Further, this court has no jurisdiction to review, alter or set aside judgments entered by other federal district courts. S*ee* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States, . . . except where a direct review may be had in the Supreme Court.").

proceed in forma pauperis and motion to receive documents electronically. Dkt. 1, 2, 3. Lambert's Complaint lists her address as located in Albemarle County, Virginia, in her motion to proceed in forma pauperis she states she is homeless, and her motion to receive documents electronically lists a mailing address in Amory, Mississippi. *Id.* On the civil cover sheet Lambert inaccurately states both she and defendants are foreign nations, and alleges her basis of jurisdiction is diversity. Dkt. 1–6. However, her Complaint references a variety of federal statutes. Though Lambert lists only herself as a plaintiff, she states she brings this action on her own behalf as well as "family members" for fraud and violations of various state and federal laws, and the Constitution. Lambert also indicates on her civil cover sheet that this is a class action.[2]

Lambert attaches to her Complaint over 200 pages of additional documents and allegations including correspondence with defendant RELX PLC, pleadings and case information from other court cases, copies of statutes, as well as a "Special Pleading" asking to be "exonerated" from the name Marsha Lambert Maines. In sum, Lambert's allegations are difficult to understand. While she alleges that "defendant is falsely reporting [her] Personally Identifiable Taxpayer Information and bio-metric data (date of birth, family name, social security number)" she makes only vague and conclusory allegations and does not explain what laws defendants have allegedly violated, or how. Lambert includes an attachment listing an additional five counts. In these counts, Lambert alleges that Virginia general district courts are illegally using social security numbers, Virginia is wrongfully issuing birth, death, marriage, and divorce certificates used by RELX computer systems and "causing a 'worldwide' threat to all living

---

[2] Pro se plaintiffs may not represent one other and pro se class actions are not permissible. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Accordingly, to the extent Lambert is requesting a class action this is denied.

beings/civilians, who are not aware of the state 'usury' by its' idolatry," and defendants are using

taxpayer information in financial transactions without consent. Dkt. 1-1. Lambert writes:

> NCIC and RELX . . . operating as private businesses in contract with state governments
> using private civilians' personal information and intellectual property 'to transact' for
> profit is unjust enrichment, usury, and violates the private right of all mankind to self
> govern as an original work of art created by god.

*Id.* Lambert alleges these actions violate the First Amendment because "human secularism is a

Religion" and "every Federal, State and local government participates in intellectual property

infringement and trespass when – their certificates hold more value than living beings." *Id.*

Lambert also incorporates all the counts in *Daniel Payne Shadwell v. Commonwealth of*

*Virginia*, which was dismissed sua sponte in 2008 for failure to state a claim. *Shadwell v. Kaine*,

No. CIV.A. 5:08-CV-00041, 2008 WL 2278610, at *1 (W.D. Va. June 3, 2008).

Lambert's alleged injuries include that the inaccurate information negatively reflects

upon her, her credit payment history and creditworthiness, and has caused her physical harm.

Dkt. 1. Lambert also claims "intellectual property damages" and various forms of "personal

damages." *Id.*

**II.    Law & Analysis**

As a pro se litigant, Lambert's pleadings are afforded liberal construction and held to a

less stringent standard than formal pleadings drafted by counsel. *See Erickson v. Pardus*, 551

U.S. 89, 94 (2007). However, even a pro se Complaint "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because

Lambert filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute, the Court is

authorized to dismiss the case if it "fails to state a claim on which relief may be granted," is

"frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such

relief." 28 U.S.C. § 1915(e)(2)(B); *Chitty v. Liberty Univ.*, 547 Fed. App'x. 299, 300 (4th Cir.

2013) ("Because [plaintiff] moved for and was granted leave to proceed in forma pauperis,

§ 1915(e)(2)(B) authorized the sua sponte dismissal effected by the district court.").

Lambert's Complaint references a wide variety of statutes she alleges defendants have

violated, including the Privacy Act of 1974, the National Defense Authorization Act, the USA

Patriot Act, the Driver's Privacy Protection Act, the Hobbs Act, the Clayton Act, the Logan Act,

and the Fair Credit Reporting Act. Lambert also alleges Constitutional violations, as well as

fraud and identity theft. However, she fails to assert specific factual allegations regarding any

statutory violations, instead making only vague and conclusory allegations. Lambert's

allegations fail to state a claim for relief that is plausible as is required under *Iqbal* and *Twombly*.

Accordingly, the Complaint is subject to summary dismissal. Still, the Court will discuss the

claims, to the extent they can be understood, along with the pleading requirements.

Lambert alleges that RELX PLC is a "consumer reporting corporation" and asserts claims

for violations of the FCRA. The FCRA requires a consumer reporting agency, to "follow

reasonable procedures to assure maximum possible accuracy of the information concerning the

individual about whom the report relates." 15 U.S.C. § 1681e(b). A consumer reporting agency

violates § 1681e(b) if: "(1) the consumer report contains inaccurate information and (2) the

reporting agency did not follow reasonable procedures to assure maximum possible accuracy."

*Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). The plaintiff bears

the burden to demonstrate that the consumer reporting agency failed to follow reasonable

procedures. *Id.* at 416. Likewise, the FCRA permits consumers to challenge the content of credit

reports, and pursuant to 15 U.S.C. § 1681i(a), if the consumer notifies the agency that it disputes

information in its file, "the agency shall, free of charge, conduct a reasonable reinvestigation to

determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . ".

Here, Lambert claims that RELX PLC is falsely reporting her "date of birth, family name, and social security number as published in local Deed/Land Record Clerk's offices," however, she fails to allege facts to show how this information is inaccurate or false. Further, though Lambert states that she has disputed the inaccurate information by "following [RELX PLC's] established process for disputing consumer credit information," the documents attached to her Complaint indicate only that RELX PLC could not authenticate her identity, and therefore could not process her request. Dkt. 1-2. Lambert also alleges that she has not consented to the reporting of this information. However, Lambert fails to allege facts to show that RELX PLC reported information in violation of the FCRA, which permits a consumer reporting agency to furnish a consumer report in a variety of circumstances. *See* 15 U.S.C. § 1681b.

To the extent that Lambert attempts to allege a religious objection to the Government's assigning or using a social security number, this argument has been rejected by the Supreme Court of the United States. The Supreme Court in *Bowen v. Roy* held that the plaintiff could "no more prevail on his religious objection to the Government's use of a Social Security number for his daughter than he could on a sincere religious objection to the size or color of the Government's filing cabinets" because while the "Free Exercise Clause affords an individual protection from certain forms of governmental compulsion; it does not afford an individual a right to dictate the conduct of the Government's internal procedures." 476 U.S. 693, 700 (1986).

### III.    Conclusion

Accordingly, this case is dismissed pursuant to 28 U.S.C. § 1915. An appropriate Order accompanies this Memorandum Opinion.

Entered:  May 30, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge